UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | ) Case No. CV 08-5162 (RNB) |
| Plaintiff, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| J. CURIEL, et al., | ) |
| | ) |
| Defendants. | ) |

On August 7, 2008, plaintiff lodged for filing herein a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, along with a request to proceed in forma pauperis without prepayment of the filing fees. It appears from the face of the Complaint that plaintiff is a state prisoner currently incarcerated at California State Prison-Los Angeles County in Lancaster.

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. For purposes of this section, the Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted"

1

1 parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (as amended).

In Andrews, the Ninth Circuit held that the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar in forma pauperis status for him. See id. Courts in this Circuit have construed Andrews as permitting a district court to raise the issue sua sponte of whether 28 U.S.C. § 1915(g) bars granting a request for leave to proceed in forma pauperis, so long as the Court notifies the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal (by citing the specific case names, numbers, districts, and dates of dismissal for each civil action it considers a "strike" or "prior occasion") and allows the prisoner an opportunity to be heard on the matter before denying the in forma pauperis request and/or dismissing the action. See, e.g., Fkadu v. San Diego City Police Dep't, 2007 WL 4259151, *2-*3 (S.D. Cal. Dec. 4, 2007); Moore v. Thacker, 2007 WL 2900512, *1 (N.D. Cal. Sept. 28, 2007); Weaver v. Inmates In Cell 218 219, 2007 WL 2462153, *1 (N.D. Cal. Aug. 29, 2007); Hines v. Barra, 2007 WL 2462113, *2 (S.D. Cal. Aug. 28, 2007); Weaver v. Mailroom Staff, 2007 WL 3028411, *1-*2 (E.D. Cal. Oct. 24, 2006); Mims v. Sanchez, 2006 WL 2458711, *1-*2 (E.D. Cal. Aug. 22, 2006), Report and Recommendation Adopted by 2006 WL 2849844 (E.D. Cal. Oct 04, 2006).

The Court's review of the dismissal orders in plaintiff's prior prisoner actions reveals that plaintiff has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): Wilson v. Tilton, et al., Eastern District of California Case No. CIV S-06-1031-LKK-PAN-P (dismissed for failure to state a claim on September 12, 2006); Wilson v. Schwartz, et al., Eastern

District of California Case No. 2:05-cv-1649-GEB-CMK-P (dismissed for failure to state a claim on October 31, 2006); Wilson v. Dovey, et al., Eastern District of California Case No. 2:06-cv-01032-FCD-EFB (dismissed for failure to state a claim on March 8, 2007); and Wilson v. Veal, et al., Eastern District of California Case No. 2:06-cv-0067-FCD-KJM (dismissed inter alia for failure to state a claim on June 4, 2007).

In addition, plaintiff has had the following two appeals dismissed for lack of jurisdiction: Wilson v. Woodford, et al., Ninth Circuit Case No. 05-17453 (dismissed for lack of jurisdiction on January 27, 2006); and Wilson v. Woodford, et al., Ninth Circuit Case No. 05-17016 (dismissed for lack of jurisdiction on January 31, 2006). In both instances, plaintiff had appealed from a non-appealable interlocutory order. The Court finds that both of these instances involved frivolous appeals that also may be counted as dismissals for purposes of § 1915(g). See Andrews, 398 F.3d at 1120-21 (an appeal dismissed for lack of jurisdiction may constitute a "strike" if the district court determines that the appeal was frivolous, malicious, or failed to state a claim); see also Morris v. Woodford, 224 F. Appx. 718 (9th Cir. 2007) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).

Therefore, plaintiff may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (as amended) (holding that the § 1915(g) exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Here, plaintiff's claims arise out of the alleged deprivation of property. Plaintiff is not even purporting to allege that he faced imminent danger of serious physical injury at the time of filing.

IT THEREFORE IS ORDERED that, on or before **September 19, 2008**, plaintiff show cause in writing, if any he has, why his request for leave to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). Plaintiff is

forewarned that his failure to timely file a response to this Order to Show Cause will be deemed by the Court as consent to the denial of his request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

DATED: 8/20/08

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE